COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





CHRISTOPHER RIVERA,

                            Appellant,

v.


THE STATE OF TEXAS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-05-00339-CR

Appeal from the

346th Judicial District Court

of El Paso County, Texas 

(TC#20050D04301) 





O P I N I O N

            Appellant Christopher Rivera was indicted for intoxication manslaughter, manslaughter,
and accident involving personal injury or death. Over Appellant’s not guilty plea, the jury found
Appellant guilty of intoxication manslaughter and accident involving personal injury or death. 
The jury assessed punishment at 12 years’ imprisonment for the offense of intoxication
manslaughter and 5 years’ imprisonment for the offense of accident involving personal injury or
death. In his sole issue, Appellant contends the trial court erred in denying his motion for
mistrial and for failing to properly develop the record for review.
            In the early morning hours of September 2, 2004, Appellant was driving his Ford
Mustang when he ran a stop sign and struck a small white pickup truck at the intersection of
Howard and Titanic Streets in El Paso County. Jason Crandall, the driver of the truck, was
seriously injured and later died at the hospital from the injuries he sustained in the collision. 
Appellant immediately fled the scene on foot and shortly after was located in a nearby residence. 
Appellant appeared injured and to be in a great deal of pain. An arresting officer noticed that
Appellant had bloodshot eyes, slurred speech, and uneven balance. As he was taken into a patrol
car, Appellant collapsed and was transported by ambulance to the hospital for treatment. On the
ride to the hospital, the officer noticed an odor of alcohol emitting from Appellant’s person. At
the hospital, a blood sample was taken from Appellant. Test results revealed that Appellant’s
blood alcohol concentration was in excess of the legal limit. 
MOTION FOR MISTRIAL
            In his sole issue, Appellant argues the trial court erred in denying his request for mistrial
because Juror No. 9 was disabled due to her emotional state. Further, Appellant asserts the trial
court failed to develop the record for review of the juror disability issue. A trial court’s denial of
a mistrial is reviewed under an abuse of discretion standard. Ladd v. State, 3 S.W.3d 547, 567
(Tex.Crim.App. 1999).
            In this case, prior to the beginning of the punishment phase of trial, the trial court told the
parties that while everyone was very emotional after the verdict, one juror was especially
saddened and very emotional. This juror, Juror No. 9, indicated to the bailiff and other jurors
that “she had had something similar like this happen to her brother.” The trial court did not
know what she meant by the comment, but had looked through the voir dire questions and the
juror’s questionnaire, noting that the juror had replied negatively to the question concerning
whether she had any close friends or relatives who had been a victim of a crime. The trial court
did not recall any follow-up questions from the State or the defense during voir dire. The trial
court suggested a meeting with Juror No. 9 “to follow-up on the questions.” The State opposed
speaking with Juror No. 9, arguing that a juror’s failure to disclose something on the juror
questionnaire did not affect the jury’s verdict or assessment of the sentence when the defense
fails to specifically inquire about the matter in voir dire. In response, defense counsel stated, in
part:
Your Honor, I don’t think this is a case of the juror didn’t put this on their
jury sheet and then nobody followed up on it. I think both parties followed up on
it. And if she hasn’t said something, and now what she didn’t tell us about in voir
dire, because maybe she didn’t expect to be picked for this jury, is now affecting
her to the point where it affects her as a juror and her verdict, then I think that’s a
basis for a mistrial on the part of the defendant.

The trial court then allowed both parties time to research the issue about reconvening the hearing.
            Subsequently, relying on Armstrong v. State, 897 S.W.2d 361 (Tex.Crim.App. 1995), the
State argued that for jury misconduct where the juror failed to disclose a matter during the voir
dire process, the defendant has the obligation to ask questions calculated to bring out information
that might indicate a juror’s inability to be impartial or truthful. The State argued that since
neither party asked questions to the jury panel which would have elicited the information, there
had been no jury misconduct because the juror in question had not withheld anything during voir
dire. The trial court agreed with the State’s response and decided to go forward. Defense
counsel then moved for mistrial, stating:
Your Honor, at this time, we would like to make a motion for a mistrial. 
Christopher Rivera, through his undersigned attorney, Francisco Macias, would
move the Court for a mistrial, Your Honor, because even though the case law says
that for jury misconduct, you have to have a specific question asking whether a
relationship would have affected him, it is my recollection that one of the two
sides asked, Is there anything that would keep you for being fair as a juror?
And if this turns out that she is so affected by this, that her brother was in a
similar situation, whether it be as a defendant or a victim, then on reconsideration,
she may not be able to be fair. And possibly, she should have brought this--as a
result of that question, there was a duty to bring this out and say, ‘You know, I
think I can be fair, but my brother was in a similar situation’, and she should have
explained it as a result of that particular question.
So based on that, the defendant would ask for a mistrial at this time and
ask that we pick a new jury and start this trial again.
Thank you, Your Honor. 

The trial court denied the motion. 
            On appeal, Appellant complains that the trial court erred in denying his request for a
mistrial on the grounds of juror disability. After reviewing the record, we conclude that the basis
of Appellant’s motion was the jury misconduct complaint, not the argument he now makes on
appeal concerning juror disability based on Juror No. 9’s emotional state. Because the basis of
Appellant’s complaint regarding the trial court’s error in denying his request for mistrial does not
comport with the basis raised in the trial court, Appellant has waived error on appeal. See
Tex.R.App.P. 33.1(a)(1)(A); Bell v. State, 938 S.W.2d 35, 54-5 (Tex.Crim.App. 1996).
            Further, Appellant never requested a hearing to determine whether Juror No. 9 was
disabled nor did he request any other inquiry into Juror No. 9’s emotional state. Without citing
any authorities, Appellant asserts that the trial court “failed to create a record that on appeal
could have allowed the appellate Court to review a finding regarding juror disability.” Contrary
to Appellant’s assertion, the burden was on Appellant to develop a sufficient record in the trial
court to show the nature and source of any error on appeal. See Ortiz v. State, 144 S.W.3d 225,
230 (Tex.App.--Houston [14th Dist.] 2004, pet. ref’d)(appellant is required to develop the record
to show the nature and source of an error and, in some cases, its prejudice to him). Appellant’s
sole issue on appeal is overruled.
 
            We affirm the trial court’s judgment.


March 15, 2007
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.

(Do Not Publish)